UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHIELA WEBSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15 CV 430 RWS |
| | ) |
| GEORGE MAIR AND | ) |
| ALLSTATE INS. CO., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER OF REMAND

Sheila Webster was a passenger in a car driven by George Mair when it was involved in a car accident. Webster was injured and sued Mair in state court as a result. A default judgment in the amount of 1.5 million dollars was entered against Mair in that case. Allstate Insurance is Mair's insurance company. After her judgment remained unsatisfied, Webster filed the underlying petition for equitable garnishment against Allstate and Mair on December 15, 2014, in state court. On January 27, 2015, Allstate filed an offer of judgment in the amount of $50,000.00 plus court costs, in the underlying state court case. On February 5, 2015, Webster accepted Allstate's offer of judgment. On March 5, 2015, Webster filed a "Satisfaction of Judgment against Defendant Allstate." However, the case remained pending, and Mair was not dismissed as a defendant. Mair filed a cross-claim against Allstate for Allstate's bad faith refusal to settle with Webster on

February 5, 2015. Allstate then removed the action to this Court on March 9, 2015, asserting diversity jurisdiction. Allstate claimed that removal was timely and appropriate based upon the filing of Mair's cross-claim against it. Mair, who remains a defendant in this case, does not consent to removal and seeks remand on the grounds that removal was untimely, was improperly based upon a cross-claim, and was without his required consent. In opposition to remand, Allstate argues – without factual support – that because of the satisfaction of judgment Webster "no longer has any defendants in this matter, and she is no longer a party in this lawsuit." Allstate also incorrectly states – again without factual support – that "on the date of removal the only remaining claim was George Mair's claim of bad faith against Allstate," and, therefore, Mair should be realigned as a party-plaintiff whose consent to removal is not required. Because Mair is, and remains, a defendant in the underlying action still pending against him, his consent is required for removal. Mair does not consent to removal, so this case must be remanded to state court.

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." Id. "Critically, the party seeking removal has the burden to establish

2

federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (internal citation and cited case omitted).

Mair argues the case must be remanded because he did not join in the notice of removal as required by 28 U.S.C. § 1446(b)(2)(A), which states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Ordinarily all defendants must join in a notice of removal or the case will be remanded. Marano Enterprises of Kansas v. Z–Teca Restaurants, L.P., 254 F.3d 753, 754 n. 2 (8th Cir. 2001); see also Christiansen v. West Branch Community Sch. Dist., 674 F.3d 927, 932 (8th Cir. 2012). Under this rule of unanimity, a failure of all defendants to join in the notice of removal creates a "defect in the removal procedure within the meaning of § 1447(c)," Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995), which, if timely raised (as here), requires remand.

There is no doubt that at the time of removal, Mair was still a defendant in the equitable garnishment action pending against him. Webster's Satisfaction of Judgment only addresses her claims "against Allstate," and Allstate has come forward with no evidence demonstrating that Webster dismissed her claims against

3

Mair.  Mair remains a defendant in the underlying equitable garnishment action, and for Allstate to suggest otherwise misstates the state court record.  Mair's consent is therefore required for removal unless he is realigned as a party plaintiff.[1]  In the Eighth Circuit, to determine whether to realign Mair as a plaintiff I must decide whether any actual and substantial conflict exists between him and Webster, regardless of whether it concerns the primary issue in dispute.  See Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870 (8th Cir. 1966); Alliance Energy Services, LLC v. Kinder Morgan Cochin LLC, 14CV1668, 2015 WL 263691, at * 9 (D. Minn. Jan. 21, 2015); Geismann v. American Economy Ins. Co., 4:11CV1185, 2011 WL 4501161, *3 (E.D. Mo. Sept. 28, 2011); Missouri United School Ins. Council v. Lexington Ins. Co., 4:10CV130, 2010 WL 1254657, *3 (E.D. Mo. Mar. 24, 2010); Hartford Accident and Indemnity Co. v. Doe Run Resources Corp., 4:08CV1687, 2009 WL 1067209, *3 (E.D. Mo. April 21, 2009).  Such a conflict does exist in this case as Mair remains liable to Webster for the remaining unpaid balance of the default judgment entered against him.  As such, he cannot be realigned as a party-plaintiff.

Moreover, realignment of Mair as a party-plaintiff would destroy diversity jurisdiction in any event and necessitate remand.  This is an equitable garnishment

---

[1] Mair (as the insured) is a necessary, not nominal, party in an equitable garnishment action under Mo. Rev. Stat. § 379.200, so his presence cannot be disregarded for removal purposes. See, e.g., Bowen v. Atlantic Cas. Ins. Co., 2013 WL 6159455, *3 (E.D. Mo. Nov. 25, 2013) (collecting cases).

4

action, despite Allstate's attempts to obscure this fact by focusing on the cross-claim filed against it rather than on Webster's pending claim against Mair.[2] Courts of this district have held that equitable garnishment actions are "direct actions" against an insurer for purposes of 28 U.S.C. § 1332(c)(1), which provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State . . . of which the insured is a citizen." See, e.g., Bowen, 2013 WL 6159455, at *4; Fleming v. Liberty Surplus Ins. Corp., 4:12CV1478, 2012 WL 6200526, *1 (E.D. Mo. Dec. 12, 2012); American States Ins. Co. v. Gates Corp., 4:07CV932, 2008 WL 163588, at *3 (E.D. Mo. Jan. 17, 2008). Under this reasoning, once Mair is realigned as a party-plaintiff, he ceases to be a party-defendant, thereby resulting in Allstate being deemed a citizen of the same state as Mair by operation of 28 U.S.C. § 1332(c)(1). See Bowen, 2013 WL 6159455, at *4. As diversity jurisdiction requires complete diversity of citizenship and "complete diversity of citizenship exists [only] where no defendant holds

---

[2] Removal is ordinarily not permitted on a cross-claim, especially when jurisdiction is based on diversity, so any argument that Allstate is removing based on the cross-claim would not vest this Court with jurisdiction, either. See Anderson v. Khanna, 827 F. Supp. 2d 970, 975 (S.D. Iowa 2011). Although Allstate cites Bartis v. City of Bridgeton, 2006 WL 3538802, *2 (E.D. Mo. Dec. 7, 2006), for the proposition that it is entitled to remove based on a cross-claim, that case is easily distinguishable because the plaintiff in that case had dismissed *all* claims against *all* defendants before the case was removed, unlike the present case where Webster's claim against Mair remains pending. Moreover, the asserted basis for jurisdiction in that case was federal question jurisdiction, not diversity as here. Id. at *1-*2.

citizenship in the same state where any plaintiff holds citizenship," In re Prempro Prod. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010), realignment of Mair as a party-plaintiff would destroy diversity and deprive this Court of subject-matter jurisdiction.

Mair does not consent to the removal of this action, so it must be remanded to state court under 28 U.S.C. § 1447(d).

Accordingly,

**IT IS HEREBY ORDERED** that the motion for remand [#16] is granted, and this case is remanded to the Circuit Court of St. Louis County, Missouri under 28 U.S.C. § 1447(d).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2015.